UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



BOBBY, et al.,

    Plaintiffs,

v.                              ACTION NO. 2:13cv714

SCHOOL BOARD OF THE CITY OF NORFOLK,

    Defendant.

### FINAL ORDER

On January 22, 2014, L.G.B., and Christopher and Ginny Bobby on behalf of L.G.B. (collectively "Plaintiffs"), filed an Amended Complaint under the Individuals with Disabilities Education Act ("IDEA") appealing the decision of the Independent Hearing Officer ("IHO") that confirmed the education plans for L.G.B., a minor child who is disabled by autism. ECF No. 6. On February 4, 2014, the Defendant, the School Board of the City of Norfolk, filed an Answer. ECF No. 7.

On March 28, 2014, the Plaintiffs filed a Motion for Summary Judgment, ECF No. 27, and on that same day, the Defendant filed a cross Motion for Summary Judgment. ECF No. 28. The Plaintiffs filed their Response on April 14, 2014. ECF No. 30. On that same day, the Defendant filed its Response. ECF No. 31. On May 2, 2014, Magistrate Judge Miller held a hearing on both Motions for Summary Judgment. ECF No. 33.

On May 30, 2014, the Magistrate Judge filed a Report and Recommendation ("R&R") that recommended granting the Defendant's Motion for Summary Judgment, affirming the decision of the IHO, and denying the Plaintiffs' Motion for Summary Judgment. ECF No. 34. By copy of the R&R, the parties were advised of their right to file written objections thereto.

On June 13, 2014, the Plaintiffs filed their Objections to Magistrate Judge Miller's Report and Recommendation. ECF No. 35. On June 26, 2014, the Defendant filed its Response to the Plaintiffs' Objections. ECF No. 37.

The Plaintiffs' objections to the R&R reiterate the same allegations presented in the Amended Complaint, and the same arguments presented in their Motion for Summary Judgment. The Plaintiffs also objected to the possible award of attorney's fees to the Defendant, and requested a hearing to address such an award.[1] ECF No. 35. This objection is premature and inappropriate at this time as the award of attorney's fees is not automatic, and the Defendant has not moved for such an

---

[1] Pursuant to 20 U.S.C. § 1415 (i)(3)(B), "in any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorney's fees as part of the costs to a prevailing party who is a State educational or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation . . . ."

2

award. Accordingly, the request for a hearing to address the objection is **DENIED**.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a _de novo_ determination of those portions of the R&R to which the Plaintiffs have specifically objected. Fed. R. Civ. P. 72(b). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The court, having examined the Plaintiffs' Objections to the R&R, and having made _de novo_ findings with respect thereto, overrules the Plaintiffs' Objections, and does hereby adopt and approve in full the findings and recommendations set forth in the Report and Recommendation of the United States Magistrate Judge filed on May 30, 2014. Accordingly, the court **GRANTS** the Defendant's Motion for Summary Judgment, **AFFIRMS** the decision of the IHO, and **DENIES** the Plaintiffs' Motion for Summary Judgment.

The Clerk is **DIRECTED** to forward a copy of this Final Order to counsel for the parties.

IT IS SO ORDERED.

/s/ 
Rebecca Beach Smith
Chief
United States District Judge

July 7, 2014